# Hartford Fire Insurance Company v. Fox et al.

(Decided January 22, 1929.)

F. M. DRAKE and BEN V. SMITH & SON for appellant.

WESLEY & SON for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

G. W. Fox bought a house in Somerset from F. D. Shoun. He paid $500 in cash, and for the remainder of the purchase money, amounting to $3,100, Powell retained a lien on the property. Fox obtained a policy of insurance for $2,000 covering the property which is the subject of this suit. Attached to the policy was a loss payable clause for the benefit of Shoun.

Fox did not pay the balance of the purchase money, or any part thereof, but surrendered the property to Shoun by an agreement between them that the conveyance from Shoun to Fox should be surrendered, canceled, and held for naught, and that the title and beneficial ownership of the property should be restored to Shoun. Thereafter Fox made no claim to ownership of the property, and Shoun received the property back from Fox and took possession thereof.

After the trade between Shoun and Fox had thus been canceled, the property was destroyed by fire. Nothing had been done about the insurance. It stood as it was when issued to Fox. The appellant refused to pay the loss because there was a provision in the policy that "this entire policy shall be void if any change take place in the interest, title or possession of the subject of insurance."

Counsel for appellant make this statement in their brief:

> "We say quite frankly to the court that we doubt if there was any change of title, because it is not our understanding that a change of title can be orally effected under the law of Kentucky."

We are content to agree with counsel for appellant without further discussion of this defense. But counsel for appellant say that there was a change of interest and possession, and, because of that change, the defense which was set up in one paragraph of the answer was good. The lower court sustained a demurrer to each paragraph of the answer in which it was sought to set up the defense of change in title, or change in interest or possession.

By the brief statement of facts, it will be seen that Fox bought the house and took possession of it. The insurance which he carried was for the benefit of Shoun, as his interest might appear. The possession of the property was returned to Shoun by agreement between the parties. The question is whether such a change of possession is prohibited by the terms of the policy. An examination of the provisions of this policy discloses that it is one of its terms that it shall be void "if any change, other than by death of the insured take place in the interest, title or possession of the subject of insurance."

There is an exception found in the policy itself, and that exception is found in a parenthetical clause immediately following the language quoted in these words: "Except change of occupants without increase of hazard."

If what was done by Shoun and Fox amounted to no more than a change of occupants without increase of hazard, there was no violation of the provisions of the contract in making the change. It is nowhere alleged in the answer that the change of occupants brought about an increase in hazard. The lower court properly sustained a demurrer to the defenses attempted by appellant.

Judgment affirmed.